Dear Councilman Munch:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You indicate you are currently serving as a Councilman for the City of Westwego and have an opportunity to become "employed" as the Director of the Home Incarceration Program for Jefferson Parish. Accordingly, you ask if there is any prohibition against holding these positions simultaneously, and you make reference to earlier Attorney General Opinions that found no prohibition for an elected official of a political subdivision holding parish employment at the same time.
R.S. 42:63(D) provides as follows:
 No person holding an elective office in a political sub-division of this state shall at the same time hold
an-other elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added.)
The significant question is whether the position is one of employment or appointment as defined in the dual officeholding law, and whether the position is full-time or part time as further defined in the dual officeholding law.
In R.S. 42:62 the definitions are set forth that pertain to the dual officeholding law. Therein we find the following pertinent definitions:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time. (Emphasis added.)
After making inquiries of various Jefferson Parish offices, it is our understanding that the Home Incarceration Program for Jefferson Parish is established by ordinance by the Parish Government, and the Director is appointed by the Parish President. From this in-formation it means that the position as Director of the Home Incarceration Program is an appointive position made by the President of the Jefferson Parish Council rather than employment.
However, we have been informed that the position is part-time, which by statute means it is less than thirty-five hours a week. Under these circumstances, we do not find a councilman, as an elective official in a political subdivision of the state, is prohibited from holding a part-time appointive office in the government of a political subdivision of the state. There are many opinions of this office that have reached the conclusion that the prohibition is only for an elected official of a political subdivision of the state holding an appointed position on a full-time basis in another political subdivision of the state. Atty. Gen. Op. Nos. 99-357, 98-142, 97-101.
Moreover, if our information is incorrect that the Director of the Home Incarceration Program is appointed by the Parish President but is an employee, there is likewise no prohibition inasmuch as the statute provides that a person holding an elective office in a political subdivision of the state cannot hold at the same time employment in the same political subdivision in which he holds an elective office. Herein the position with the Home Incarceration program is not a position in the same political subdivision in which he holds an elected position, being Westwego.
We hope this sufficiently answers your, inquiry but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Mr. Ted J. Munch Councilman City of Westwego 419 Avenue A Westwego, LA 70094
Date Received: Date Released: March 13, 2000
BARBARA B. RUTLEDGE Assistant Attorney General